E. R. BRACKETT & CO. *v.* SCHIAPPACASSE.

PRINCIPAL AND AGENT—EXISTENCE OF RELATION—SUFFICIENCY OF EVIDENCE.

> Evidence *held*, insufficient to show agency in the purchase of a certain car load of fruit, where the only evidence of such agency was the broker's telegram to defendant "offered car," etc., and defendant's reply "can use car," etc.

Error to Wayne; Searl, J., presiding. Submitted October 24, 1916. (Docket No. 39.) Decided May 31, 1917.

Assumpsit in justice's court by E. R. Brackett & Company against Louis Schiappacasse and others, doing business as L. Schiappacasse & Company, for a consignment of fruit. From a judgment for plaintiff, defendants appealed to the circuit court. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Millis, Griffin, Seely & Streeter* (*Charles L. Mann*, of counsel), for appellant.

*Joseph T. Schiappacasse*, for appellees.

BIRD, J. Plaintiff, a wholesaler of fruits in New York City, sued defendants, wholesalers and retailers of fruits in the city of Detroit, to recover for a consignment of fruit shipped to them in November, 1913. It is the claim of plaintiff that Morando, a fruit broker in New York, represented the defendants and made the selection and purchase, and that the defendants are liable therefor, even though the fruit was not what they ordered. Defendants deny that Morando had any authority to represent them, and deny that any relation of agency existed between them, and this

presents, as appellant states, the only question in the case. It therefore becomes necessary to examine the testimony bearing on that question. The following telegrams are principally relied upon by the plaintiff to show that Morando was the agent of the defendants:

On November 6, 1913, Joseph S. Morando sent the defendants the following telegram:

"Offered car sweet good color Porto Rican oranges one sixty-five market going higher."

On November 6, 1913, the defendants replied by telegram:

"Can use car sweet good color Porto Rican oranges sizes ninety-six to two hundred. Can't use any other size at your price of one sixty-five. Must not be green fruit or sour."

On November 7, 1913, Morando sent to the defendants the following telegram:

"Shipping three hundred box car over Michigan Central in refrigerator car vents open sizes from one twenty-six to two hundred. This fine car well packed, good color, sweet cutting fruit at bargain price. See letter."

On November 7, 1913, the same day, the defendants replied:

"Advise car number of oranges and number of different sizes. How about California figs? Fifty packages in box. What can you buy for?"

On November 12, 1913, the defendants wired Morando:

"Oranges arrived and inspection shows fourteen per cent. decay. Can't use in this condition. Wire what to do."

Upon the receipt of this telegram Morando interviewed E. R. Brackett & Co., and on November 13, 1913, sent the following telegram to the defendants:

"Sellers absolutely refuse allowance. Twenty boxes smaller sizes still here show less than five per cent. waste. Last two cargoes Porto Ricans worst this year. Market your kind fruit thirty cents higher. Am willing forego my brokerage save trouble."

On November 13, 1913, the defendants sent the following telegram to E. R. Brackett & Co.:

"Impossible being sound New York. Examination here shows fourteen per cent. decay. Wire disposition."

Morando followed this telegram of November 13, 1913, by a letter dated November 13, 1913, addressed to defendants, in which he explained that E. R. Brackett & Co. insisted on defendants accepting the car and paying for it.

On November 14, 1913, the defendants advised Morando that:

"Car oranges at shipper's disposal refuse to accept fruit in this condition."

The only testimony aside from the telegrams bearing upon the question appears in the deposition of Morando that about three months prior to the sending of these telegrams he called upon the defendant firm at Detroit, advised them who he was and the business he was in, and that he was acquainted with some member of the firm who was at the moment absent. When the fruit arrived it was neither of the kind nor quality which defendants agreed to purchase, and they refused to accept it. The fruit was afterwards sold at auction through the instructions of the plaintiff, and the amount realized was deducted from the invoice price, and defendants were sued for the balance amounting to $376. In the trial court a verdict was directed for the defendants on the ground that there was not sufficient evidence of agency to submit to the jury.

We are of the opinion that the trial court was right.

in his ruling. The only proof there was that plaintiff was even informed that Morando was attempting to act in the capacity of broker were the words "Offered car," etc., in the first telegram addressed to the defendants. There is nothing in the telegrams sent by defendants which would authorize Morando to act as their agent in the selection and purchase of the fruit. It will be noted that the defendants in the reply telegram did not authorize him to buy, did not authorize him to act for them; they simply said, "Can use car," etc. This testimony, without any further showing that the defendants were acquainted with Morando in a business way or that he had acted for them on prior occasions in the selection and purchase of fruit, was too meager to establish an agency between them.

We think the case was properly disposed of, and the judgment will be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.